ROCKAWAY ROLLING MILL v. ROSS et al.

(Supreme Court, Appellate Term. May 27, 1912.)

1. SALES (§ 355*)—ACTION FOR PRICE—DEFENSE—ADMISSIBILITY OF EVIDENCE.
   Where, in an action between the original parties to a note given in payment for iron, the defendants pleaded partial failure of consideration, in that the full amount of iron bought was not delivered, their evidence that the iron was sold by weight, and that the note was given under an agreement that the iron could be weighed by the defendants at any time before the note became due, was admissible.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025–1043; Dec. Dig. § 355.*]

2. BILLS AND NOTES (§ 97*)—DEFENSE—FAILURE OF CONSIDERATION.
   Partial failure of consideration is a defense between the original parties in an action on a note.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–181, 185–192, 196–198, 200, 202–205, 208–212, 1372–1376; Dec. Dig. § 97.*]

Appeal from City Court of New York, Trial Term.

Action by the Rockaway Rolling Mill against Marion J. Ross and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Samuel Dickstein, of New York City, for appellants.
Joab H. Banton, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff has recovered judgment upon a note received by it in payment for iron furnished to the defendants. The defendants pleaded partial failure of consideration, in that the plaintiff failed to deliver the amount of merchandise agreed upon, and failed to charge the reasonable and proper price for such of said materials and merchandise as had been furnished under the agreement between the parties, and pleaded a tender of the amount actually due. At the trial the defendants attempted to prove that the iron was sold by weight, and that the note was given under an agreement that the iron could be weighed by the defendants at any time before the note became due. All of this evidence was excluded as immaterial. I think that this ruling was erroneous.

[2] Partial failure of consideration is a defense between the origi-

nal parties in an action upon a note. "If the party seeking to enforce it has himself violated some obligation incurred on his part, for instance, a warranty, an engagement to deliver goods, or the like, the promise sought to be enforced may be destroyed or reduced according to the measure of the defect." Oakley v. Boorman & Johnston, 21 Wend. 588, at page 594. In this case, if the defendants could prove that the note was given under a warranty that the iron delivered was of a certain weight and that the actual weighing was to be postponed, then the "promise sought to be enforced" should be "reduced according to the measure of the defect."

Judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.

---

### LEONARD v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Appellate Term. May 29, 1912.)

INSURANCE (§ 550*)—PROOFS OF DEATH—AGENCY OF MAKER—ACTION ON POLICY—EVIDENCE—ADMISSIONS OF BENEFICIARY.

Where a beneficiary under a policy of life insurance either requested a doctor to execute a certificate of the death of the insured or accepted such a certificate after made and mailed it to the insurer, she either constituted him her agent in the first instance or ratified the statements made, and his statements to the effect that the insured died from a disease for which he had treated her at a time negatived in the warranties of the insured's application are, in an action on the policy, binding on the beneficiary as admissions.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1359–1361; Dec. Dig. § 550.*]

Appeal from Municipal Court, Borough of Bronx, Second District.

